**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| GARY HALL | : | |
| Petitioner | : | |
| v | : | Civil Action No. JFM-07-967 |
| | | (Related Crim. Case JFM-02-252) |
| UNITED STATES OF AMERICA | : | |
| Respondent | : | |

o0o

## MEMORANDUM

On March 5, 2007, petitioner filed a pleading entitled "notice of no jurisdiction" in his criminal case which has been construed as a motion to vacate filed pursuant to 28 U.S.C. §2255.[1] Paper No. 55. For the reasons that follow, the motion must be dismissed without prejudice for lack of jurisdiction.

Petitioner filed a motion to vacate in this case on June 17, 2005. Paper No. 39. The motion was denied on September 20, 2005. Paper No. 45. An appeal to the United States Court of Appeals for the Fourth Circuit affirmed the denial on July 27, 2006. Paper No. 53. The instant motion, therefore, represents a second or successive §2255 challenge to petitioner's conviction. As such, the motion may not be considered absent leave to do so from the Fourth Circuit Court of Appeals. *See* 28 U.S.C. §§2244(b)(3)(A)& 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*). Under 28 U.S.C. §2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable

---

[1] Petitioner claims this court had no subject matter jurisdiction to try his criminal case.

>fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner has not received the proper certification from the Fourth Circuit. Consequently, this court may not consider the merits of his claim unless and until certification is obtained.

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the motion are extensive. Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should petitioner wish to seek authorization to file a successive petition with the appellate court. It is to be emphasized that petitioner must file his pleading with the Fourth Circuit Court of Appeals and obtain authorization to file his successive petition before this court may examine his claims. Since petitioner has failed to comply with the procedural requirements for a successive petition, the motion will be dismissed without prejudice by separate order.

<u>May 3, 2007</u>                           <u>/s/                      </u>
Date                                                   J. Frederick Motz
                                                       United States District Judge